## PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY

v.

### Gwendolyn BEAUFORT, et al.

No. CIV.A.02–CV–7529.

United States District Court, E.D. Pennsylvania.

April 30, 2003.

Harry J. Levant, Law Offices of Alexander B. Giacobetti, Philadelphia, PA, Susan C Moody, Philadelphia, PA, for defendants.

Conrad J.J. Radcliffe, Marshall Dennehey Warner Coleman & Goggi, Philadelphia, PA, for plaintiff.

### MEMORANDUM

DALZELL, District Judge.

Plaintiff Prudential Property and Casualty Insurance Company ("Prudential P & C") has filed this declaratory judgment action seeking a declaration that it does not have a duty to indemnify or defend the defendants in a tort suit in the Court of Common Pleas of Philadelphia County. Because the tort suit has recently been dismissed without prejudice, we shall dismiss this action as moot.

*Background*

Prudential P & C issued a homeowner's insurance policy to decedent William Jennings. The policy covered a residence at 439 South 48th Street in Philadelphia and was in full force and effect on January 4, 2002, the date of the alleged accident in the underlying suit. Compl. for Decl. J., Ex. A.

Specifically, on August 1, 2002, the survivors and administratrix of the Estate of Charlotte Burton ("the tort plaintiffs") filed a lawsuit against the executrices of the Estate of William Jennings ("the tort defendants") concerning personal injuries that William Jennings allegedly caused Charlotte Burton in the residence at 439

South 48th Street on January 4, 2002. The complaint alleges that Jennings forcibly restrained, beat, and killed Burton, and asserts against the Estate of Jennings tort claims of false imprisonment, assault, battery, intentional infliction of emotional distress, wrongful death and survival. Compl. for Decl. J., Ex. B.

The tort defendants requested indemnification and legal defense from Prudential P & C on the basis of Jennings's homeowner's insurance policy. Answer at ¶ 14.

On September 26, 2002, Prudential P & C initiated this action for a declaratory judgment. It contends that the tortious injuries that Jennings is alleged to have caused Burton in the insured residence are not covered losses under the homeowner's insurance policy. Prudential P & C requests a declaratory judgment that it is not responsible for indemnification or defense in the pending lawsuit.[1]

After Prudential P & C filed a motion for summary judgment, we were informed that the underlying lawsuit was dismissed. Specifically, on April 8, 2003, the parties to that lawsuit filed a voluntary stipulation of dismissal without prejudice. We thereupon invited the parties to brief the issue of mootness. For the reasons that follow, we conclude that the dismissal of the underlying personal injury lawsuit renders this action moot, or, alternatively, unsuitable for a declaratory judgment under 28 U.S.C. § 2201.

*Discussion*

■ The doctrine of mootness is "the doctrine of standing set in a time frame."[2] In other words, while standing tests whether the parties have personal and adversarial interests at the outset of the controversy, mootness ensures that these interests are retained throughout the litigation.[3] The requirements of standing and mootness are both constitutional and prudential and implicate concerns of judicial competency and separation of powers.[4]

■ The constitutional elements are well established. The plaintiff must have an "injury in fact," the injury must be "fairly traceable" to the defendants' conduct, and it must be likely, as opposed to speculative, that a favorable decision will redress the injury.[5] The prudential inquiry into mootness and standing is more

---

1. Named as defendants in this action are the tort plaintiffs and tort defendants.

2. *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) (quoting Monhaghan, *Constitutional Adjudication: The Who and When*, 82 Yale L.J. 1363, 1384 (1973)).

3. *Id.; Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 & n. 22, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997); *County of Riverside v. McLaughlin*, 500 U.S. 44, 51, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991); *Pederson v. Louisiana State Univ.*, 213 F.3d 858, 869–70 (5th Cir.2000); 15 James Wm. Moore, *Moore's Federal Practice* §§ 101.32, 101.98B (3d. ed.2003).

4. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Geraghty*, 445 U.S. at 395–97, 100 S.Ct. 1202.

5. As the Supreme Court has put it,

First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of— the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan*, 504 U.S. at 560–61, 112 S.Ct. 2130 (citations and quotations omitted).

open-ended to ensure that an action is susceptible to judicial resolution.[6]

■ Prudential P & C unquestionably had standing to initiate this action. When it filed suit, the underlying tort action against the Estate of William Jennings (the insured) was pending in which the insurer's obligations of legal defense and indemnification were sought. It is equally clear that when that underlying lawsuit was dismissed, Prudential P & C no longer had an injury in fact. The future harm that Prudential P & C feared vanished.

■■ An "injury in fact" must be concrete and specific, and actually or imminently threatened.[7] Since the tort lawsuit against the Estate of William Jennings is no longer pending, Prudential P & C is no longer subject to the tort defendants' demand for legal defense and indemnification in the underlying suit. Indeed, an April 3, 2003 letter from the Jennings Estate's lawyer expressly waives "any defense costs included in the underlying state court action." [8]

Prudential P & C persists in the view that it remains subject to imminently threatened injuries. First, it notes that the dismissal of the lawsuit is without prejudice, thereby leaving open the possibility that the Jennings Estate will be sued again and that Prudential's legal defense and indemnification will again be sought.

Second, Prudential P & C submits that "[t]he Estate of William Jennings could file a bad faith lawsuit pursuant to 42 Pa.C.S. § 8371, or breach of contract action, arguing that Prudential unreasonably refused to defend the estate in the now . . . withdrawn underlying lawsuit." Reply at 3.

Prudential overlooks the fact that for a justiciable case or controversy to be premised on future injury, such injury must not only be *possible*, but imminently likely.[9] There is now no basis but conjecture for Prudential P & C's belief that the tort defendants will file a bad faith suit. It is equally speculative whether the tort plaintiffs will refile their lawsuit. While it is true that the dismissal of the lawsuit without prejudice leaves open the possibility that it may someday be refiled, there is simply no way to gauge how likely that possibility is.

To sum up, Prudential P & C is not actually injured and cannot demonstrate a real and immediate threat of future injury. It does not have a constitutional injury in fact.

The action has become moot for the additional reason that a judgment in Prudential P & C's favor is unlikely to provide redress.[10] The determination on the merits of whether Prudential P & C owes its insured indemnification and defense in a

---

**6.** *See Conte Bros. Auto. v. Quaker State–Slick 50*, 165 F.3d 221, 223 (3d Cir.1998).

**7.** *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130 (quoted at *supra* note 5).

**8.** *See* ltr. of Apr. 3, 2003 from Susan C. Moody, Esq. to Eric R. Brown, Esq., which we have docketed.

**9.** *See Lujan*, 504 U.S. at 560, 112 S.Ct. 2130 (quoted *supra* ); *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) ("The plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct inju-

ry' . . . and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical' "); *Super Tire Eng. Co. v. McCorkle*, 416 U.S. 115, 122, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974) ("The question is 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' ").

**10.** *See supra* note 5 and accompanying text (noting that a favorable judicial decision must have the likelihood of redressing plaintiff's injury).

personal injury lawsuit necessarily depends on the specifics of the particular lawsuit. As Prudential itself puts its: "the court must review the four corners of the policy along side the four corners of the complaint to determine whether coverage exists." *See* Pl.'s Mem. L. in Supp. Mot. Summ. J. at 4.

Prudential cannot escape the inconvenient fact that there is no longer a complaint or any corner of any articulated claim to which we may refer. To be sure, there may someday be a new personal injury lawsuit, but it may well contain different allegations and claims. Simply put, we are not in business to try to anticipate the allegations and claims that the tort plaintiffs *may* assert in another lawsuit. Federal courts do not make declarations in advisory settings. *See, e.g., Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937). Indeed, even where they otherwise have jurisdiction, federal courts in declaratory judgment actions avoid using their power under 28 U.S.C. § 2201 when prudence so counsels, as it clearly does here. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 288–89, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).

For all these reasons, we decline to decide whether Prudential P & C is liable for indemnification and defense in a personal injury lawsuit that no longer exists. By accompanying Order, we will dismiss plaintiff's declaratory judgment action without prejudice.

### ORDER

AND NOW, this 30th day of April, 2003, upon consideration of plaintiff's motion for summary judgment, defendants' response thereto, plaintiff's reply thereto, and defendants' April 10, 2003 letter attaching as an "addendum" to defendants' response to the motion for summary judgment the Stipulation of Dismissal in the underlying lawsuit, and in accordance with the foregoing Memorandum, it is hereby ORDERED that:

1. The Complaint for Declaratory Judgment is DISMISSED WITHOUT PREJUDICE;

2. The motion for summary judgment (Doc. No. 5) is DENIED WITHOUT PREJUDICE; and

3. The Clerk shall CLOSE this case statistically.